IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEXTER HUGHES, # M-11136,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1410-MJR |
| | ) | |
| **RICHARD MOORE,** | ) | |
| **JASON GINDER,** | ) | |
| **GALEN DELLINGER,** | ) | |
| **C/O ERWIN,** | ) | |
| **LT. FREEMAN,** | ) | |
| **MAJOR JENNINGS,** | ) | |
| **COUNSELOR RAY,** | ) | |
| **and LT. DALLAS,** | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court on Plaintiff's motion for temporary restraining order ("TRO") (Doc. 5), filed January 5, 2015. Plaintiff is a prisoner currently incarcerated at Lawrence Correctional Center ("Lawrence"). He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on December 24, 2014, and the complaint is awaiting a preliminary merits review by the Court pursuant to 28 U.S.C. § 1915A.

The complaint alleges that on December 5, 2014, Plaintiff was beaten by Defendants Dellinger and Ginder. Plaintiff was then denied access to medical care for his injuries by those Defendants as well as by Defendants Moore, Erwin, Dallas, Freeman, and Jennings. Defendant Ray refused to accept or process the grievances Plaintiff attempted to file over those incidents. In the complaint, Plaintiff seeks only monetary compensation for these alleged constitutional violations.

Plaintiff's motion for TRO was mailed separately from his complaint. In the motion, Plaintiff references the December 5 assault by Defendants Ginder and Dellinger, and then goes on to describe other events that occurred later that day and in the several days following the assault, while Plaintiff was in segregation. None of these facts were included in the complaint. From December 5 through 9, 2014, Plaintiff states that several correctional officers (Ochs, Winka, Williams, and Roderick) refused to serve him meals (Doc. 5, p. 1). He missed lunch and dinner on December 5, breakfast on December 6, breakfast on December 8, and lunch on December 9. The officers told Plaintiff that if he continued to try to submit grievances, "he will not eat or get s**t" and that other officers would also refuse to feed him. *Id*. Officers Ochs, Winka, Brant, and Adamson also denied Plaintiff medical treatment and told him that if he tried to file grievances or civil complaints he would be beaten again (Doc. 5, pp. 1-2).

On the basis of these new factual allegations, Plaintiff seeks a TRO requiring his immediate transfer to another prison, as well as ordering the Defendants and other named staff to stay away from him, to feed him his meals, to give him his mail,[1] and to cease retaliating against him.

**Discussion**

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Plaintiff's request for a TRO is based on his claim that he has experienced

---

[1] Plaintiff does not describe any instances of mail interference by any prison officials.

retaliation at the hands of six correctional officers whom he has not included as parties to this action. Furthermore, the named Defendants are not alleged to have been personally involved in any of the retaliatory actions. Plaintiff has inexplicably omitted from his complaint any mention of the alleged retaliation, even though the events he describes in the motion for TRO began on the same day as the assault. While the Court liberally construes *pro se* pleadings, litigants who represent themselves are not entitled to a dispensation from the Federal Rules of Civil Procedure. Consistent with Federal Rule of Civil Procedure 8(a), all claims against all defendants must be set forth in a single document. Claims cannot be presented to the Court in a piecemeal fashion such as Plaintiff has done with the motion for TRO. If Plaintiff desires to seek any relief based on the food deprivation and other incidents he describes in the motion, he must include those allegations (and the responsible parties) in an amended complaint.

In order to obtain a temporary restraining order under Rule 65, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Applying these principles to the instant case, Plaintiff has not shown any connection between the named Defendants and the denial of five meals between December 5 and 9. He has not alleged that his meals were withheld on any other occasions. This limited denial of food would not, in and of itself, amount to a violation of the Eighth Amendment. See *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). Thus, a deliberate indifference claim for the food

deprivation is unlikely to succeed on the merits. If there were a violation, damages would be an adequate remedy. Finally, the limited denial of food does not suggest that Plaintiff's health will be irreparably harmed if a TRO is not issued.

Analyzed as a retaliation claim, Plaintiff may succeed in showing that the officers violated the First Amendment. However, again, damages provide an adequate remedy. Plaintiff's First Amendment rights will not suffer irreparable harm if his grievance activity leads to further retaliatory withholding of meals.

Likewise, a TRO is not justified based on Plaintiff's claim that the segregation officers continued to deny his access to medical care. Plaintiff gives no information regarding the nature of any injuries or other medical conditions for which treatment might have been necessary. A TRO is an extraordinary remedy that will not be issued in the absence of specific allegations of immediate, irreparable, and ongoing harm. *See Bedrossian v. Northwestern Memorial Hosp.*, 409 F.3d 840, 842 (7th Cir. 2005) ("[a]n injunction is an equitable remedy that does not issue as a matter of course, but rather a remedy that courts may grant at their discretion in the extraordinary situations where legal remedies such as monetary damages are inadequate").

The Court is concerned about the claims that some officers threatened to withhold other meals or beat Plaintiff if he persisted in filing grievances. However, none of these threats are attributed in any way to the named parties in this case, and Plaintiff does not suggest that the threats have been carried out. If the threats indeed deterred Plaintiff from pursuing grievances over his alleged mistreatment, such facts may be relevant as this matter progresses. Nonetheless, Plaintiff's allegations do not justify issuing a TRO against the named Defendants, who were not alleged to be even tangentially involved in making these threats.

Without expressing any opinion on the merits any of Plaintiff's other claims for

relief, the Court concludes that a TRO should not issue in this matter at this time. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

**IT IS THEREFORE ORDERED** that the motion for TRO (Doc. 5) is **DENIED** without prejudice. If Plaintiff believes that injunctive relief is warranted, he may submit a new motion.

Finally, Plaintiff is advised that although his motion for TRO contains new allegations and claims, these will not be considered as supplemental to Plaintiff's current complaint. Should Plaintiff wish the Court to consider these matters, he must include them in an amended complaint. Any amended complaint must contain all the relevant factual allegations supporting each claim that Plaintiff wishes to assert, and must include all Defendants who are alleged to have violated Plaintiff's constitutional rights.

Because Plaintiff's complaint has yet to undergo an initial merits review, and has not been served on the Defendants, Plaintiff is free to submit an amended complaint if he so desires. If Plaintiff wishes to submit an amended complaint for the Court's initial consideration, he shall file it no later than **February 12, 2015**. If no amended complaint is received by that date, the Court shall proceed to conduct its initial merits review on the original complaint (Doc. 1).

If Plaintiff chooses to submit an amended complaint, he should label the pleading "First Amended Complaint" and include Case Number 14-cv-1410-MJR. The amended complaint shall present each claim in a separate count. In each count, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable under the count, as well as the actions alleged to have

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review.

In order to assist Plaintiff in preparing an amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 8, 2015**

s/ MICHAEL J. REAGAN<br>
Chief Judge<br>
United States District Court