IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEXTER HUGHES, # M-11136,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-1410-MJR |
| ) | |
| **RICHARD MOORE,** ) | |
| **JASON GINDER,** ) | |
| **GALEN DELLINGER,** ) | |
| **C/O ERWIN,** ) | |
| **LT. FREEMAN,** ) | |
| **MAJOR JENNINGS,** ) | |
| **COUNSELOR RAY,** ) | |
| **and LT. DALLAS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Lawrence Correctional Center ("Lawrence"), where he is serving a 19-year sentence. He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on December 24, 2014.

On January 8, 2015 (Doc. 8), this Court denied Plaintiff's motion for a temporary restraining order ("TRO"). That motion sought relief against individuals who were not included as Defendants when Plaintiff filed this action, and included allegations that were not set forth in the complaint. Plaintiff was instructed that if he wished to submit an amended complaint to include his new claims and additional Defendants, he should do so no later than February 12, 2015. Plaintiff has not filed an amended pleading. Therefore, his original complaint (Doc. 1) is

now ripe for review under 28 U.S.C. § 1915A.[1]

According to the complaint, on December 5, 2014, officers came to Plaintiff's cell to conduct their weekly shakedown. Plaintiff was told to take his television off the bed. He complained to Defendant Dellinger about the T.V. being confiscated. Defendant Dellinger then placed Plaintiff in handcuffs and took him away.

In the corridor, Defendant Ginder grabbed Plaintiff by the hair and slammed him to the concrete floor face-first, giving him a severe headache (Doc. 1, p. 6; Doc. 1-1, p. 2). Plaintiff was then yanked back up, and Defendant Ginder tightened his handcuffs to the point of cutting off the circulation to Plaintiff's hands. These two Defendants took Plaintiff to segregation, making him walk outside in the cold rain with no shirt, coat, or shoes. When Plaintiff asked for clothing and shoes, the Defendants slammed him face-first down on the wet pavement. Plaintiff states that he never resisted or presented any threat to the officers, as his hands were cuffed behind his back the entire time.

Upon his arrival in segregation, Plaintiff found that his wrists were bleeding from having been yanked and pulled while in the tight handcuffs. He told Defendant Lt. Dallas what had been done to him. Defendant Dallas summoned Defendants Jennings (Major) and Moore (Assistant Warden), and Plaintiff told them about the incident. They in turn had Plaintiff talk to Defendant Freeman of Internal Affairs. Defendant Freeman took pictures of Plaintiff's injuries (Doc. 1-1, p. 3). He told Plaintiff that he had reviewed the video recordings of the incident, and he knew Defendants Ginder and Dellinger were wrong for assaulting Plaintiff (Doc. 1, p. 6).

Plaintiff asked segregation officer Defendant Erwin to get a nurse to examine his injuries, but this request was refused. He also includes Defendants Moore, Ginder, Dellinger,

---

[1] As Plaintiff was advised in the order at Doc. 8, the Court will conduct its threshold review on the complaint (Doc. 1) only. Additional allegations and claims contained in the motion for TRO (Doc. 5) shall not be considered.

Dallas, Freeman, and Jennings in his claim for denial of access to medical care (Doc. 1, p. 5).

Also on December 5, 2014, Plaintiff wrote three grievances over the incident and gave them to Defendant Ray (segregation counselor) (Doc. 1-1, pp. 6-9). Defendant Ray read over the grievances, but then handed them back, telling Plaintiff that the grievances would not go anywhere (Doc. 1, pp. 4, 7; Doc. 1-1, p. 3).

Finally, Plaintiff alleges that Defendants Jennings, Moore, and Freeman all acknowledged they were aware of "a continuing pattern of violent assaults by staff on inmates," yet they have failed to take any action to stop the practice (Doc. 1, p. 7). He also includes Defendant Dallas among the group of all wardens, lieutenants, and majors at Lawrence who are aware of the repeated assaults by guards on inmates, yet have done nothing to protect their safety (Doc. 1, pp. 5-6).

Plaintiff seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts, which correspond to Plaintiff's description of his claims (Doc. 1, p. 5). The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment excessive force claim against Defendants Dellinger and Ginder, for assaulting Plaintiff on December 5, 2014;
>
> **Count 2:** Eighth Amendment claim for deliberate indifference to Plaintiff's

medical needs, against Defendants Dellinger, Ginder, Erwin, Moore, Dallas, Freeman, and Jennings;

**Count 3:** Due Process claim against Defendant Ray for refusing to accept or process Plaintiff's grievances against the other Defendants;

**Count 4:** Eighth Amendment cruel and unusual punishment claim against Defendants Moore, Jennings, Freeman, and Dallas, for allowing Lawrence correctional officers to continue their pattern of physical assaults on inmates such as the incident in Count 1.

For the reasons discussed below, Plaintiff may proceed on his claims against some of the Defendants in Counts 1, 2, and 4. However, Count 3 shall be dismissed for failure to state a claim upon which relief may be granted.

### Count 1 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff's allegations that Defendants Ginder and Dellinger slammed him to the ground and yanked him by his handcuffed wrists are sufficient to allow the excessive force claim in **Count 1** to proceed for further review.

**Count 2 – Deliberate Indifference to Medical Needs Following Assault**

Although none of the Defendants named herein are medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus Defendants Ginder and Dellinger, who perpetrated the assault and then did nothing to assist Plaintiff in getting medical attention for his injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care.

After Plaintiff arrived in segregation, he requested Defendant Erwin to get a nurse because his wrists were bleeding. Because Defendant Erwin refused to obtain any medical assistance for Plaintiff, this deliberate indifference claim shall also proceed against him.

Plaintiff also includes Defendants Moore, Dallas, Freeman, and Jennings in his deliberate indifference claim for the denial of access to medical care. However, he fails to support the claim against these officials with any factual account regarding whether he requested assistance from any of them, or what they did (or failed to do) in response.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the

elements of a cause of action or conclusory legal statements." *Id*.

Because Plaintiff includes no facts to support his bare legal conclusion that Defendants Moore, Dallas, Freeman, and Jennings were also deliberately indifferent to his medical needs following the assault described in Count 1, he fails to state a claim that these Defendants knew that Plaintiff faced a risk of harm from his injuries, yet failed to act to mitigate that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014); *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Accordingly, Defendants Moore, Dallas, Freeman, and Jennings shall be dismissed from Count 2 without prejudice at this time.

**Count 2** shall proceed against Defendants Ginder, Dellinger, and Erwin.

### Dismissal of Count 3 – Failure to Process Grievances

Plaintiff's only claim against Defendant Ray is that he refused to accept Plaintiff's grievances, thus denying Plaintiff access to the prison's grievance procedure for possible redress of his complaints. The Court does not condone such behavior. However, it is well established that a Defendant's action or inaction in handling (or mishandling) a prisoner's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process, and his allegations regarding Defendant Ray, may be relevant in the event that

a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. See 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). However, the due process claim in **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Count 4 – Failure to Prevent Assault**

In this claim, Plaintiff seeks to hold several prison officials accountable for allowing guards to physically abuse inmates in their custody. According to Plaintiff, Defendants Moore, Jennings, and Freeman all said that they knew of this continuing pattern of violent assaults by staff (Doc. 1, p. 7). Plaintiff alleges that other inmates who have been victims of staff assaults have made complaints to the Director of the Illinois Department of Corrections, to the Illinois State Police, and have filed federal lawsuits, thus prison administrators have been made aware of these assaults. He also includes an affidavit from a fellow inmate who reported to Defendants Dallas and Freeman in September 2014 that he had been assaulted by Lawrence guards (Doc. 1-1, p. 4). Plaintiff asserts that despite their knowledge of this pattern of abuse, Defendants Moore, Jennings, Dallas, and Freeman have taken no remedial action and have allowed guards to continue beating inmates.

A claim of "negligent supervision" has no traction in a civil rights suit. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted). A warden or other supervisory prison official cannot be held liable merely on account of his or her supervisory role, because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.

2001).

However, if a supervisory official is alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable . . . . The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Plaintiffs allegations fall squarely within this realm – he claims that Defendants Moore, Jennings, Dallas, and/or Freeman, as supervisors, knew about a pattern of assaults such as Plaintiff experienced, yet "turned a blind eye" or condoned this pattern by their inaction. At the pleading stage, Plaintiff states a claim that survives review under 1915A, and he may proceed with **Count 4** against Defendants Moore, Jennings, Dallas, and Freeman.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **RAY** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **MOORE, GINDER, DELLINGER, ERWIN, FREEMAN, JENNINGS,** and **DALLAS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 25, 2015**

<u>s/ MICHAEL J. REAGAN</u>
Chief Judge
United States District Court
